a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IRYNA PYLYPIV #A232-244-571,<br>Petitioner | CIVIL DOCKET NO. 6:26-CV-00717<br>SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| U S IMMIGRATION & CUSTOMS<br>ENFORCEMENT ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Iryna Pylypiv ("Pylypiv"). At the time of filng, Pylypiv was an immigration detainee at the South Louisiana ICE Processing Center in Basile, Louisiana. Pylypiv seeks release from detention.

Because Pylypiv is no longer detained, the Petition should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I. Petitioner

Pylypiv is a citizen of Ukraine who was ordered removed on May 29, 2025, and did not appeal. ECF No. 13-1 at 2. Pylypiv alleges that removal is not likely to occur in the reasonably foreseeable future. *Id.* However, Pylypiv was deported on April 29, 2026. ECF No. 17 at 1.

1

II.    Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  If a controversy becomes moot, the case must be dismissed for lack of jurisdiction.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  The parties must continue to have a "personal stake in the outcome" of the lawsuit.  *Id.*  Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Additionally, an alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

III.    Conclusion

Because Pylypiv was deported, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, May 21, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3